IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                           **CRIMINAL NO. 2:19-CR-12-KS-MTP**

**KENNETH HUBBARD**

## ORDER

On October 3, 2019, Defendant plead guilty to possession of 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On February 5, 2020, the Court sentenced him to 143 months of imprisonment and five years of supervised release. Two months later, Defendant filed a Motion [67] requesting that the Court reconsider his sentence because other inmates in his facility had been diagnosed with COVID-19. The Government opposes the motion.

Under 18 U.S.C. § 3582, the Court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

The Sentencing Commission's guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in

18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. The Sentencing Commission's application notes provide that an "extraordinary and compelling reason" exists if "[t]he defendant is suffering from a terminal illness . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(i). Likewise, the standard is met if:

> The defendant is
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious function or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(ii). The notes also provide that certain circumstances related to the defendant's age and family circumstances can meet the standard. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(B)-(C).

Defendant argues that the COVID-19 pandemic constitutes an "extraordinary and compelling reason" to reduce his term of imprisonment and immediately release him. He contends that the transmission rate of the virus, the conditions of imprisonment that prevent him from avoiding exposure, and the particular threat to

him because of his weight and hypertension all make the pandemic a severe threat to his safety. However, Defendant did not address whether he is "danger to the safety of any other person or to the community . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. Likewise, he did not address the § 3553(a) factors. *See* 18 U.S.C. § 3553(a).

Defendant plead guilty to possession of 50 grams or more of methamphetamine with intent to distribute. The factual details of the charge are outlined in the Court's presentence report [61]. Defendant arranged the purchase of approximately 223 grams of "ice" methamphetamine. This was his second drug conviction. In 2008, he was convicted of conspiracy to possess 500 grams or more of methamphetamine with intent to distribute and sentenced to 168 months of imprisonment and five years of supervised release. Defendant committed the crimes for which he is currently imprisoned while on supervised release from his previous conviction, resulting in a revocation. In other words, Defendant has demonstrated a pattern of criminal conduct, and nothing in the present motion indicates that he is likely to deviate from that pattern if released now.

Accordingly, the Court finds that the § 3553(a) factors do not favor Defendant's release, and that Defendant has not demonstrated that he would not be a danger to the safety of the community if released. Therefore, the Court **denies** his Motion for Compassionate Release [67].

SO ORDERED AND ADJUDGED this 20th day of July, 2020.

      /s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE